UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA GRIEB,
    Plaintiff.
vs.                                        Case No.

KIRSTEN BENTLEY,                  Hon. _____
    an individual,
        Defendant.
_____/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com

**PLAINTIFF'S COMPLAINT and JURY DEMAND**

NOW COMES Plaintiff, Andrea Grieb, by and through her attorney, Francyne Stacey, Stacey Law Practice, PLLC., and for her Complaint states as follows:

### I.    GENERAL ALLEGATIONS

1. Plaintiff, Andrea Grieb ("Grieb") is a resident of Washtenaw County residing in Ann Arbor, Michigan.

2.     Defendant, Kirsten Bentley ("Bentley") is a resident of Washtenaw County, residing at 363 Sydney Ct., Saline, MI 48176.

3.     Bentley is the owner of a rental property located in Washtenaw County at 12925 Whittaker Rd, Milan, Washtenaw County, Michigan, 48160.

4.     This cause of action arises under the Federal Fair Housing Act of 1988 ("FFHA), 42 U.S.C. 3601 et seq.

5.     Under the FFHA it is illegal to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of familial status.

6.     Under the FFHA it is illegal to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status.

7.     This cause of action also arises under the Michigan Elliott Larsen Civil Rights Act, ("ELRCA"), M.C.L.A 37. 2101 et seq.

8.     The ELRCA prohibits discrimination in housing based on familial status; MCLA 37.2502(1).

9.  This Court has jurisdiction of this action pursuant to FFHA, 42 U.S.C. 3613 and as a federal question pursuant to 28 U.S.C. 1331.

10. This Court has supplemental jurisdiction of Plaintiff's ELCRA claim.

11. Grieb's Complaint is timely filed.

12. Venue is appropriate in this Court because Defendants reside and do business in Washtenaw County, Michigan.

## II.    FACTUAL ALLEGATIONS

13. Grieb currently lives with her young son in Ann Arbor, Washtenaw County, Michigan.

14. On February 23, 2021, Grieb responded to Bentley's Craigslist advertisement for the rental of 2-bedroom apartment on the second floor of Bentley's rental property in Milan, Michigan.

15. On February 25, 2021, Bentley responded to Grieb's email stating, in part:

> I wish I had good news for you. I have always been very leery of renting either of the upstairs apartments to anyone with children. The stairs are very scary to me for children, especially very young ones. I wish the downstairs apartment was available for you but unfortunately, it's not. On another note, as quiet as your family is, the downstairs apartment can hear upstairs fairly well and with a little one running around and sometimes crying especially at night if he is ill. I don't think it would be fair to them.

16. After receiving Bentley's response, Grieb contacted the Fair Housing Center of Southeast and Mid-Michigan ("the Center") and informed them that she had been denied the opportunity to rent the apartment because of having a young child.

17. Upon receipt of Grieb's complaint, the Center conducted an investigation which included fair housing testing.

18. On February 25, 2021, two testers contacted Bentley expressing interest in renting the apartment in Milan.

19. One tester posed as a single mother with a young child. Bentley's response to that individual, dated February 27, 2021 stated: "We are completely filled with viewings at the moment. I will let you know if one of the potential tenants don't rent it."

20. The other tester described herself and her husband as a young couple in their mid-30s with no children.

21. Bentley's agent, Korrine, responded to this tester's email within 2 hours of it being passed on to her by Bentley.

22. Korrine responded to the tester stating:

> "I'm reaching out about your interest in the upstairs 2bd apartment on 45 acres.  Here's the address:  12925 Whittaker Road, Milan, Michigan, 48160.  We'd love to have you and Ben out to see the place and property.  Are you free tomorrow by chance?  We have three showings tomorrow but could squeeze you two in between 12n-4pm. Saturday or Sunday could work too.

23. On Monday, March 1, 2021, the tester with no children contacted Bentley's agent, Korrine, again stating that she and her husband had been out of town but were still interested in the apartment.  The tester also asked: "Is there a downstairs unit in the house that is being rented or do you live there?"

24. Korrine responded within half an hour stating that she and her partner lived in the lower-level apartment and manage the property/repairs/grounds for the landowner.  Specifically, Korrine wrote:

> We'd be happy to have you out at "the farm".  We can show you apartment upstairs and we also have a barn apartment we can show you as well.  Are you free later today after 5pm or tomorrow?  If not, send over a day and time that works best.

## **COUNT 1 – VIOLATION OF THE FFHA**

25. Plaintiff incorporates by reference paragraphs 1-24.

26. Bentley is a person as defined in the FFHA, 42 USC 3602(d).

27. Korrine is an agent of Bentley.

28. Plaintiff is an individual who falls within the class of people protected under the FFHA.

29. Section 3604 (a) of the FFHA makes it unlawful to refuse to rent or otherwise make unavailable or deny a dwelling to any person because of familial status.

30. Section 3604 (b) of the FFHA makes it unlawful to discriminate against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status.

31. Bentley and Korrine violated the FFHA and discriminated against Grieb when they refused to show or rent the property to her because of her familial status while, at the same time, offering to show both the upstairs apartment and a barn apartment to a couple without children.

32. As a direct and proximate result of the discriminatory actions taken by Bentley, Grieb suffered economic and non-economic injuries.

## COUNT II – VIOLATION OF THE ELCRA

33. Plaintiff incorporates by reference paragraphs 1-32.

34.     Section 37.2501 of the ELCRA, prohibits discrimination in housing on the basis of familial status.

35.     Grieb is a member of a class protected under the ELCRA.

36.     Bentley and her agent, Korrine are individuals engaging in real estate transactions and, as such are prohibited from refusing to engage in a real estate transaction, discriminating against a person in the terms, conditions, or privileges of a real estate transaction, representing to a person that a property is not available for rent when it is and refusing to negotiate with a person for a real estate transaction because of that person's familial status.

33.     Bentley and Korrine, Bentley's agent violated the ELCRA when they refused to even consider renting to Grieb because of Grieb's familial status and refused to show her the property while at the same time offering to show the same apartment and another apartment on the property to a couple without children.

34.     As a consequence of Bentley and Korrine's conduct and actions, Grieb has suffered economic and non-economic damages.

WHEREFORE, for all of the above reasons, Grieb requests the following relief:

1. Entry of a declaratory judgment stating that Bentley's actions against Grieb are discriminatory under the FFHA and the ELCRA.

2. Preliminarily and permanently enjoin Bentley, Korrine, and any other agents or representatives of Bentley from further discrimination on the basis of familial status.

3. Order Bentley and Korrine to undergo fair housing training, monitoring, and reporting.

4. Award Grieb actual and compensatory damages to compensate her for her economic and non-economic injuries.

5. Grant Grieb an award of punitive and/or exemplary damages because of Bentley's intentional, deliberate, overt, willful, and flagrant discrimination against Grieb.

6. Grant Grieb an award of attorney fees, costs, and pre- and post-judgment interest incurred in bringing this action.

7. Grant such other relief to Grieb as the Court finds just and appropriate under the circumstances.

Respectfully submitted,

STACEY LAW PRACTICE

Dated:   May 26, 2021                    BY:   /s/Francyne B. Stacey

Francyne B. Stacey (P33225)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ANDREA GRIEB,
    Plaintiff.

vs.                                                    Case No.

KIRSTEN BENTLEY,                   Hon. _____
    an individual,
        Defendant.
_____/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com

## JURY DEMAND

    Plaintiff demands a trial by jury.

Dated: May 26, 2021                 /s/Francyne B. Stacey
                                          Francyne B. Stacey (P33225)
                                          Attorney for Plaintiff